UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN AMES, | )<br>)<br>) |
| Plaintiff | )<br>) |
| | ) Civil No. 05-102-B-W |
| v. | )<br>) |
| STATE OF MAINE, et al., | )<br>) |
| Defendants | ) |

### *RECOMMENDED DECISION ON FEDERAL DEFENDANTS'*
### *MOTION TO DISMISS OR FOR SUMMARY JUDGMENT*

This is John Ames's second complaint in this court pertaining to his child support obligations stemming from a 1983 divorce decree.  In the current action the Court previously granted a motion to dismiss filed by the State of Maine, John Baldacci, and John Nichols[1] after Ames filed no opposition.  The Social Security Administration and Jo Anne B. Barnhart, not parties to Ames's 2001 complaint, move to dismiss or, in the alternative, for summary judgment.[2]  (Docket Nos. 9 & 10.)

Ames's complaint contains six counts. Count I alleges a "constitutional tort" in that the Maine Department of Human Services (DHS)) sent a notice to the Social Security Administration (SSA) asking for the withholding of $300 per month from Ames's Social Security Disability benefits.  Ames faults the DHS for not procuring a writ of execution from a state court and complains that he had no opportunity to be heard in any court on

---

[1] The order of dismissal mistakenly included Jo Anne B. Barnhart as one of the moving defendants.
[2] Barnhart has not filed a statement of material fact in support of her summary judgment efforts.

the matter. It seems that this count runs only against the DHS. Count II alleges a "tort of conversion" because on July 1, 1997, the SSA complied with the DHS request and the state and federal agencies have an ongoing conspiracy to convert Ames's benefits to the tune of $300 a month. Count III is entitled "no court order" and it complains that an SSA representative told Ames that the SSA had no option but to comply with the DHS request. Furthermore a representative from the DHS told Ames that the agency did not need a court order and that the judgment creditor had assigned the alimony debt to DHS. Ames believes that before wages may be attached the judgment creditor must obtain a writ of execution and this requirement was not met by the defendants. Count IV alleges an "illegal assignment" and is asserted only against the DHS. Count V alleges "conspiracy" betwixt the SSA and the DHS, noting:

> Although the Maine DHS followed state law and the SSA followed the U.S.C. in this case, that action violated the plaintiff's rights as those state and federal laws violate constitutional limitations, restricting the legislature in the types of laws which it may enact; that is, each law allowed an agency of the executive branch to circumvent the judiciary branch....

(Compl. ¶ 20.) And Count VI is only against the DHS.

In his response to the motion to dismiss Ames clarifies that his claim against the SSA is limited to the question of "whether or not S.S.A. has or has not followed constitutional law when they followed 42 U.S.C. § 659 and made the $300.00 deduction from the plaintiff's S.S.D. benefit." (Resp. ¶ 9.) It is Ames's belief that 42 U.S.C. § 659 violates the separation of powers doctrine because it allows state agencies to act in place of the judiciary and, thus, the United States Congress enacted the law in violation of the Constitution. (Id. ¶ 5.)

2

I have reviewed precedents that discuss 42 U.S.C. § 659, see, e.g., United States v. Morton, 467 U.S. 822 (1984); Scheidegg v. Dep't of Air Force, No. 90-1127, 915 F.2d 1558, 1990 WL 151390, **1 (1st Cir. Sep. 28, 1990) (unpublished disposition)("It is well-settled that Scheidegg cannot bring suit in federal court under § 659 to enjoin the federal defendants from garnishing his wages on the theory that the underlying state child support order is invalid.  See, e.g., Overman v. United States, 563 F.2d 1287 (8th Cir.1977); Sarfaty v. Sarfaty, 534 F.Supp. 701 (E.D. Pa.1982).").  None of those cases discuss the particular issue Ames attempts to raise and I could find no basis in the law for Ames's separation of powers challenge.  Although Ames frames this as a constitutional challenge to the provisions of 42 U.S.C. § 659 he offers no argument that would explain why the judicial branch of Government is uniquely suited to act as a collection agency for child support and alimony obligations.  Clearly, as Ames recognizes in his pleadings, Congress has determined that the states must develop procedures for income withholding measures in the support context "without the need for a judicial or administrative hearing," (See e.g 42 U.S.C. 666 (a)(1)(B)), thus effectively bypassing the judiciary as a collection department.  Ames offers no argument or citation to authority, aside from his own ipse dixit, to support a separation of powers challenge and I can independently discern no basis for such a challenge.  Accordingly, I recommend that the Court **GRANT** the defendants' motion to dismiss as he fails to state a claim against the Social Security Commission or Barnhart in her personal or official capacity.[3]

---

[3] The defendants offer other arguments as to why the complaint cannot survive as against Barnhart in her personal or official capacity.  These arguments, while more complicated, are alternative grounds for granting the motion should the court conclude that Ames's challenge to the constitutionality of the statute has any merit.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

January 11, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge